DECUIR, Judge.
This appeal arises out of an action to prove filiation of the minor child of Barbara Guidry pursuant to La.Civ.Code art. 209(B) against the surviving spouse and legitimate children of Rodney Paul Mouton. Appellants appeal the judgment of the trial court decreeing the child, Brock James Guidry, the natural child of the decedent Rodney Paul Mouton. Appellants, Dorothy Mouton Dronet, decedent’s spouse, and his legitimate children, Brodney Mouton, Clovessa Mouton Frederick, Paul Rodney Mouton, Jr., Cindy Mouton Trahan, and Susian Mouton Lougon, contend that the trial judge erred in finding DNA test results admissible and in finding that the evidence adduced was clear and convincing to support plaintiffs claim. We affirm.
Rodney Paul Mouton died on November 16, 1992, eight months after the birth of Brock James Guidry on March 14, 1992. Barbara Guidry was employed by the decedent’s aged mother as a sitter in 1990. The record reflects that in June 1991, plaintiff began to live with decedent’s mother until she was terminated in late 1991. Plaintiff claims that she was approached for sex by the decedent shortly after she began working for his mother, and that she began having sex with the decedent on a | ¿regular basis resulting in her pregnancy and the birth of Brock James Guidry. Plaintiff claims that during the time of the minor’s conception, decedent was the only person with whom she was having sex.
Appellants in brief place much emphasis on their contention that the decedent never acknowledged paternity, and that he specifically denied paternity to his wife and children. Appellants also place much emphasis on decedent’s refusal to sign the birth certificate, his denial of paternity in a Social Security Administration hearing, and his refusal to pay medical expenses or child support. On the other hand, plaintiff testified that prior to institution of child support proceedings, some of decedent’s family informally acknowledged the child as the child of the decedent, and the decedent acknowledged the child at his mother’s home in the presence of his mother and his daughter, Cindy Mouton Trahan. The decedent’s mother had passed away at the time of trial. Cindy Trahan did not deny this conversation occurred, only that she did not remember the conversation. Plaintiff further testified the decedent informed her that in deference to his family, he could not publicly acknowledge the child. Finally, DNA testing revealed the probability of paternity to be 99.44%. Appellants contend the test results should have been excluded because of irregularities.
We find no merit in appellants’ contention that the DNA testing was inaccurate or should not have been allowed due to “irregularities.” Appellants challenged the testing procedure prior to trial. The trial judge concluded from the deposition of Dr. U.W.E. Hein, Director of DNA Analysis and the Department of HLA/Paternity Evaluation at Roche Biomedical Laboratories, and affidavits as to chain of custody, that there had been no procedural error in the testing procedure and ordered that the certified report of the paternity test results be admitted as prima facie proof of its contents. Appellants offered no evidence to contradict either the chain of custody of |3samples or the test results. We find no error in the trial court’s decision in regard to the DNA testing.
*623 The trial judge apparently found the plaintiffs testimony to be credible. In reasons for judgment, the trial judge noted the many “discrepancies” between the testimony of the parties, but found there was clearly opportunity for sexual intimacy between plaintiff and the decedent. The trial judge further found from both the trial and deposition testimony and the DNA testing that plaintiff proved by clear and convincing evidence that Brock James Guidry is the natural child of the decedent. Therefore, the trial judge in rendering his ruling clearly did not rely solely on DNA testing as appellants contend.
Furthermore, the plaintiff correctly notes in brief that the testimony of the plaintiff as to ease of access or frequency with which she had sex with decedent was undisputed, that there was no evidence adduced to disprove the date of conception, and that there was no evidence that plaintiff had sex with any individuals other than the decedent. Additionally, although Dorothy Mouton Dro-net testified that her husband had been impotent since 1990, no medical evidence was introduced to corroborate this testimony.
Proof of paternity is a factual question, and the trial court determination should not be disturbed in the absence of manifest error. State of Louisiana, Dept. Of Social Services v. Thomas, 27,248 (La.App. 2 Cir. 8/23/95); 660 So.2d 163. Applying that standard, we find no error in the trial court’s ruling. See Rosell v. ESCO, 549 So.2d 840 (La.1989).
The judgment of the trial court is affirmed. Costs of appeal are assessed to defendants-appellants.
AFFIRMED.